BUONOMO, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF JUNCOS, DEFENDANT AND APPELLEE.

Appeal from the District Court of Humacao in an Action of Ejectment.

No. 2003.—Decided March 28, 1919.

APPEAL—ADVERSE PARTY—NOTICE OF APPEAL.—For the purpose of the notice of appeal referred to in section 296 of the Code of Civil Procedure the term "adverse party" does not include all of the defendants, but only such of

them as might be affected by a reversal or modification of the judgment appealed from.    Therefore an appeal will not be dismissed because no notice thereof was given to a defendant whose interest in the controversy was purely of a moral character.

ID.—FRIVOLOUS APPEAL—DILIGENCE AND GOOD FAITH.—In order that the Supreme Court may dismiss an appeal under its Rule 59, there must be satisfactory proof that the appellant had not prosecuted his appeal with due diligence or in good faith, or that his appeal was frivolous.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

*Messrs. Antonio Sarmiento* and *Joaquín Vendrell* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The defendant Succession of Manuel Juncos Solís, composed of his natural daughter, Perfecta Juncos, moved for dismissal of the appeal taken by plaintiff Daniel Buonomo López because the notice of appeal was not served on Laura López and her children, who are necessary parties to the suit; because the appellant has been negligent in prosecuting his appeal, and because the appeal is frivolous.

From the documents filed in this court by the appellee it appears, that Daniel Buonomo López brought an action of ejectment in the District Court of Humacao against the Succession of Manuel Juncos, composed of his natural daughter, Perfecta Juncos, for the recovery of two rural properties. Having been duly summoned, the said succession answered the complaint and also filed a counter-complaint against the said Buonomo and the Succession of Juan Juncos Solís, composed of his widow, Laura López, and her children, alleging that the properties described in the complaint were acquired by the ancestor of the defendant and counter-plaintiff, Perfecta Juncos, by virtue of a conveyance made to him in a certain suit brought by him against the said Succession of Juan Juncos Solís, and that, notwithstanding this, Laura López, fraudulently and in collusion with plaintiff Buonomo, had the said properties awarded to her in the testamentary operations of Juan Juncos Solís and then sold them to the

said Buonomo, who obtained the record of the awards and conveyances in the registry of property. The Succession of Juan Juncos Solís was summoned, but not having appeared, its default was entered. The case having been tried, the court dismissed the complaint and sustained the counter-complaint, ordering consequently the cancelation of the records appearing in the registry in favor of Laura López and Buonomo as to the said properties. Buonomo appealed therefrom, but did not give notice to the Succession of Juan Juncos Solís. And, as we have said, the Succession of Manuel Juncos Solís now moves that the appeal be dismissed on this ground and others.

In accordance with section 296 of the Code of Civil Procedure, the notice of appeal must be served on the adverse party or his attorney. Adverse party, according to the case of *Ninlliat* v. *Suriñach,* 25 P. R. R. 509, 513, and cases there cited, means the party who may be affected by a reversal or modification of the judgment, and in this particular case it has not been shown how the reversal or modification of the judgment could affect the Succession of Juan Solís. The judgment annuled the conveyances made by Laura López to Buonomo, which, as the court found, "were made by means of a flagrant combination and with the intention of defrauding the legitimate heirs of Manuel Juncos Solís, the real owners of the properties described." If the judgment should be affirmed, things would remain in the same status as if no appeal had been taken. And if it should be reversed or modified so as to sustain the complaint, Laura López will gain nothing, for the property will then come into the possession of purchaser Buonomo. The only interest that she could have in the reversal of the judgment would be a moral interest, that is, to erase the holding with regard to the fraudulent conveyance made to Buonomo, and it has been held that such an interest is not sufficient upon which to bring an appeal. *Freyre* v. *Quintero,* 23 P. R. R. 119.

Negligence of the appellant in the prosecution of his ap-

peal has not been shown. Although the transcript was not filed within the period of ninety days, it is a fact that the statement of the case is pending approval by virtue of extensions of time granted by the court *a quo.*

It has not been shown that the appeal is frivolous. The appellee only alleges that it is frivolous, without stating any reason in support of the allegation. Besides, although certified copies of the pleadings and other documents have been brought before this court, we have not before us the history of the trial of the case in the district court.

For all of the foregoing the motion for dismissal must be overruled.

*Motion to dismiss overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.